IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | Case No: BK ~~12-~~  13-81668 |
| ) | |
| SANITARY AND IMPROVEMENT ) | CHAPTER 9 |
| DISTRICT NO. 249 OF SARPY COUNTY, ) | PLAN OF ADJUSTMENT |
| ) | |
| NEBRASKA ) | |
| ) | |

This Plan of Adjustment ("Plan") is proposed and made by Sanitary and Improvement District No. 249 of Sarpy County, Nebraska ("SID #249" or the "District").

1. <u>Warrant Holders.</u>  (a) **Construction Fund Warrant Holders.**  This class of creditors consists of all parties who presently own construction fund "warrants" identified on Schedule "1" and any interest warrants issued in payment for accrued interest thereon. (b) **Additional Impaired Creditor**.  This class of creditors consists of Savanna Shores, L.L.C., a Nebraska limited liability company, which owns Lots 141, 142 and 143 in Savanna Shores (hereinafter referred to as the "silt basin lots") which have been taken for public use, without payment of just compensation, as a siltation detention pond and are described more particularly in the Disclosure Statement.  The Additional Impaired Creditor is also identified on Schedule "1".  There are also general fund warrants used to pay the day to day and administrative requirements of the District that are not part of this class of creditors and who's claims are not impaired.  There are no other creditors of SID #249 except those persons or entities performing services for the District and the holders of sanitary and improvement district bonds, which bonds have statutory priority pursuant to Nebraska Revised Statutes Sec. 31-755, prior Court rulings and entitled to priority payment under 11 U.S.C. 503 et. seq.  Provided that said creditors of SID #249 release their claims against SID #249 as set forth herein, SID #249 will deliver funds of the District in the amount and in the manner as set forth in paragraphs 4 and 5 below in full settlement of such creditor's claims. The claims of this class of creditors, Construction Fund Warrant Holders and Additional Impaired Creditor, are impaired under this plan.

2. <u>Execution of Plan of Adjustment.</u>  Upon confirmation of this Plan of Adjustment, SID

#249 will execute and deliver to the disbursing agent appointed by the Court the funds described in paragraphs 4 and 5 from time to time in the manner described therein.

This Plan requires the holders of the construction fund warrants set forth on Schedule "1" to deliver to SID #249 and/or the disbursing agent appointed by the Court, within a reasonable period of time after confirmation of the Plan, the described warrants (including interest warrants) for cancellation and exchange for Certificate of Indebtedness as provided in paragraph 5 below. The Bankruptcy Court will be requested as part of the order confirming this Plan to require delivery of warrants and deeds as set forth herein.  No payment shall be made by the disbursing agent to any creditor unless said disbursing agent has received warrant(s) and/or an affidavit of lost or stolen security and indemnification thereon and authenticated a Certificate of Indebtedness.  Furthermore, in order to assure that said creditors cannot continue to hold their warrants with a view towards having them redeemed by the Treasurer of Sarpy County, Nebraska, all such warrants not delivered to the disbursing agent within six months from the date of confirmation of this Plan shall be deemed cancelled and of no further force and effect and the Court shall be requested in its order confirming the Plan to restrain the Sarpy County Treasurer from paying or redeeming such warrants.

3. Administrative Costs.  The only administrative costs thus far have been for services and out of pocket expenses of the District's legal counsel, Fullenkamp Doyle & Jobeun.  Said counsel has not received any payment on account of such services or out-of-pocket expenses.  To date, legal services rendered based on the agreed upon rate of $250/hour total $22,500.00 and the out-of-pocket expenses are estimated to be approximately $5,000.00.  All such legal fees and expenses together with such additional administrative costs and expenses as are incurred herein, including fees of Baird Holm LLP, as Bond Counsel and D.A. Davidson as Fiscal Agent and Bond Underwriter, shall be paid from the District's construction/bond fund and shall be paid prior to any disbursements pursuant to paragraphs 4 or 5 below. Administrative costs shall be paid directly by the Sarpy County Treasurer from the bond fund cash of the District upon presentment by the District Counsel or other administrative entity entitled to payment and verified by the District's fiscal agent.

4. Initial Disbursement.  SID #249 shall, within 90 days following the date of confirmation of this Plan by the Bankruptcy Court or delivery of warrants to the disbursing agent as set forth in paragraph 2, whichever shall occur later, deliver to the disbursing agent appointed

by the Court all the cash and investments with accrued interest thereon on deposit in SID #249's construction/bond fund less a) the paragraph 3 administrative costs and any disbursing agent fees;  b) a bond sinking fund as determined by the District's fiscal agent in an amount necessary to support all the district's general obligation bonds issued October 1, 2005 in the original amount of $1,200,000 which are due serially beginning October 1, 2006 and annually thereafter through   October 1, 2025 and bonds issued September 15, 2008 in the original amount of $1,135,000 which are due serially beginning September 15, 2010 and annually thereafter through September 15, 2028; and c) a transfer as determined by the District's fiscal agent of an amount necessary to bring the general fund of the District on a cash basis.  A payment and bond sinking fund requirement pro-forma is attached hereto a Schedule "2". The remaining funds shall be paid out to the Additional Impaired Creditor and holders of certificates of indebtedness as set forth in Paragraph 5 below, and based upon their pro-rata share as shown on Schedule "1" and as may be adjusted in accordance with the delivery of warrants to the disbursing agent and any cancellation of warrants thereon. The initial distribution to the holders of the Certificates of Indebtedness will not occur until the earlier of either the delivery of all of the warrants to the disbursing agent or the end of the warrant return period as set forth in Paragraph 2 and 5 of this Plan.

5. Warrants and Payments.

a) Payment of Additional Impaired Creditor.  The estimated value of the silt basin lots owned by the Additional Impaired Creditor and appropriated for public use without just compensation is $143,850.00.  The District's engineer has estimated that the cost to remove the silt basins located on those silt basin lots and return them to buildable condition is approximately $115,000, however the exact cost is uncertain.  Returning the silt basin lots to buildable condition provides the District the opportunity for long-term ad valorem tax revenue along with special assessment revenue.  No later than ninety (90) days following confirmation of this Plan of Adjustment the Additional Impaired Creditor will convert its claim as Additional Impaired Creditor to a Certificate of Indebtedness with a principal value of $115,000.00 and which Certificate shall be granted priority over all other Certificate's of Indebtedness issued in conformance with this Plan and shall be repaid first in accordance with the terms of this Plan.

The Additional Impaired Creditor shall use the funds distributed to it in accordance with this Plan solely for the purpose of returning the silt basin lots to a buildable condition.  If the actual cost of returning the silt basin is less than $115,000 then the Additional Impaired Creditor

shall only be paid the actual costs up to a maximum of $115,000 and at such time as the silt basin lots are returned to buildable condition and the Additional Impaired Creditor has been paid its claim, then the District shall have no further obligation under this Plan to the Additional Impaired Creditor.

All warrants delivered to the disbursing agent shall be cancelled upon the authentication of a Certificate of Indebtedness for such warrant. Each warrant holder will be given a Certificate of Indebtedness from the disbursing agent evidencing their pro-rata share of the payments to be made by the District in accordance with this Plan. The first payment under the Certificate of Indebtedness will be the initial disbursement, if any, as set forth in paragraph 4 above. Interest shall cease being accrued on the date of filing of the Voluntary Petition. Each Certificate of Indebtedness shall accrue simple interest at a rate of Two Percent (2%) on the outstanding principal balance which shall be calculated annually upon the balancing of SID #249's books and such interest is contingent and not certain to be paid. **All payments made pursuant to this Plan shall first be applied to payment of principal.** SID #249 and/or the disbursing agent shall thereafter, subject to the prior limitations and cancellation provision set forth herein, within 45 days following the balancing of SID #249's books by the Sarpy County Treasurer as of December 31 of each year, or in addition thereto additional distributions as SID #249's Board of Trustees may determine, deliver to each certificate of indebtedness holder his/her/its Schedule 1 pro-rata as shown on Schedule 1 of any funds on deposit with the Sarpy County Treasurer in SID #249's construction/bond fund except any bond payment and/or sinking fund requirements of paragraph 5(c) below from:

(a)     The collection of any and all special assessments levied by SID #249 against properties located within its corporate boundaries together with any miscellaneous revenues, which by law, custom or usage are deposited in a sanitary and improvement district construction/bond funds.

(b)  Any ad valorem real estate taxes collected from a construction/bond fund levy of:

1. $0.95/ $100 of actual valuation less:

a) the amount necessary as determined by D.A. Davidson & Co. when taken together with SID #249's bond sinking fund to meet is obligations for its

general obligation bonds;

   b) $0.18/ $100 of actual valuation or $45,000 for the year 2012/2013 fiscal year increased annually thereafter at the rate of 2.5% per annum, whichever is less, which monies shall be deposited in the District's general fund (any deficiency in the amount collected shall be carried over to the following year);

   c) In no event however shall the construction/bond fund levy together with the above specified general fund levy exceed $0.95 per $100 of assessed valuation;

   c)   The net proceeds from the issuance by SID #249 of bonds as directed by D.A. Davidson & Co.  ("DAD") the District's fiscal agent or its successors and assigns from time to time, which bond issues, whether one or more shall be mandatorily issued and sold by SID #249 at such times and in an amount which can be issued and sold on a level payment basis over a period of not more than twenty-five (25) years, reserving a bond sinking fund equal to one and ½ year's principal and interest requirement, and amortized using the proceeds of an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID # 249's tax base (exclusive of any tax base used to support any paragraph 4 c) and/or prior 5(c) bond issue) to pay the principal and interest on such bonds on a year to year basis.   Such bonds shall be issued prior to December 31, 2032 as directed by DAD and the disbursing agent. Beginning in year eleven (11) of the Plan the maximum length of any bond issue shall be reduced by one year for each year the plan is past its tenth (10th) year.  For example, in year 13 of the Plan the maximum length of any bond issue is twenty two (22) years and the maximum length of the Plan plus the final bond issue cannot exceed thirty five (35) years.

AT THE EARLIER OF THE DATE THE NET PROCEEDS FROM PARAGRAPHS 5(A) THROUGH (C) SHALL BE SUFFICIENT TO PAY ALL THE CERTIFICATES OF INDEBTEDNESS PLUS ANY ACCRUED INTEREST OR  DECEMBER 31, 2032.  ALL CERTIFICATES OF INDEBTEDNESS SHALL BE CANCELLED AND NO FURTHER

PAYMENTS ON ACCOUNT THEREOF WILL BE MADE.

During any year-end, except the year 2032, in which the amounts to be disbursed pursuant to this Plan do not exceed $100,000 then such funds shall be invested at the discretion of DAD and disbursed at the next payment date at which the amounts on hand exceed $100,000.

The disbursing agent shall provide each broker dealer an accounting for each disbursement made.  The disbursing agent shall be entitled to fair and reasonable compensation for acting as the disbursing agent which amount, when approved by the Board of Trustees of SID #249, may be paid for from the construction/bond fund of SID #249. SID #249 proposes to use Bankers Trust Company, NA, 10250 Regency Circle, Suite 115; Omaha, Nebraska 68114.

Bonds, Certificate's of Indebtedness or any other form of security which will be offered and sold by means of and in accordance with offering circulars under the Plan of Adjustment pursuant to and for the purposes of 11 U.S.C. Section 1125(e).  SID #249; DAD; Baird Holm LLP; Fullenkamp Doyle & Jobeun, counsel for SID #249; Lutz & Company, P.C., its auditor; and SID #249's Board of Trustees have all acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to protection of 11 U.S.C. Section 1125(e).

6. Confirmation.  It is anticipated that this Plan shall be confirmed by the United States Bankruptcy Court for the District of Nebraska and therefore be binding on you in the event that it is accepted by more than 50% of the number of creditors holding more than 66.67% of the outstanding voting dollar debt.

Dated: 01/03/2013.

SANITARY AND IMPROVEMENT DISTRICT NO. 249 OF SARPY COUNTY, NEBRASKA,

By ___/s/Brian C. Doyle_____
Brian C. Doyle (#23001)
Fullenkamp, Doyle & Jobeun
11440 West Center Road
Omaha, Nebraska 68144
(402) 334-0700
Fax: (402)-334-0815
brian@fdjlaw.com
Attorney for said Debtor

-6-

| Name | Name | Principal | | Pro-Rata Share |
|---|---|---|---|---|
| ALLAN G LOZIER | DIANNE S LOZIER TTEES | $ | 247,362.80 | 8.60% |
| BONNIE PACER TTEE | BONNIE PACER LIVING TRUST | $ | 20,407.73 | 0.71% |
| CENSTAT FINANCIAL SERVICES | 1212 N 96TH ST | $ | 91,592.00 | 3.18% |
| CHOMAC LLC | 1510 S 152ND AVE CIR | $ | 28,622.50 | 1.00% |
| D A DAVIDSON & CO AS CUST FOR | KAREN L HARN IRA | $ | 8,672.24 | 0.30% |
| D A DAVIDSON & CO AS CUST FOR | RICHARD A VOMACKA IRA | $ | 57,058.02 | 1.98% |
| D A DAVIDSON & CO AS CUST FOR | KEVIN MCKENNA IRA | $ | 45,462.07 | 1.58% |
| D A DAVIDSON & CO AS CUST FOR | DANIEL J SMITH IRA | $ | 11,449.00 | 0.40% |
| DANIEL J HIRSCHFELD | 3606 4TH AVENUE | $ | 211,806.50 | 7.37% |
| DANIEL J SMITH | PATRICIA M SMITH JT TEN | $ | 9,426.97 | 0.33% |
| DAVID A SAYLAN | JACKIE SAYLAN & | $ | 5,724.50 | 0.20% |
| DENNIS P HOGAN III | 10250 REGENCY CIRCLE STE 300 | $ | 39,285.24 | 1.37% |
| DOUGLAS C WALTER | THERESA L WALTER JT TEN | $ | 11,449.00 | 0.40% |
| ESTHER K KARLOFF | 14310 WEIR | $ | 22,898.00 | 0.80% |
| FATHER CHARLES KOTTAS | 1 BLUFF ST | $ | 34,049.45 | 1.18% |
| FIRST WESTROADS BANK | WARRANT ACCOUNT | $ | 440,897.10 | 15.33% |
| FRANK M BLANK TTEE | FRANK M BLANK REV TRUST | $ | 34,347.00 | 1.19% |
| FRED R HUNZEKER | 3402 N 216TH | $ | 28,622.50 | 1.00% |
| GREGORY J BAKER | 1381 RIVERSIDE OAKS DR | $ | 51,520.50 | 1.79% |
| HOWARD J FRIEDMAN | 26657 BLONDO COURT | $ | 91,592.00 | 3.18% |
| SID DEPARTMENT | ATTN: JOHN KUEHL | $ | 257,661.83 | 8.96% |
| J YVETTE ELMORE | TOD ACCOUNT | $ | 17,173.50 | 0.60% |
| JERRY J SIMON | DIANE SIMON JT TEN | $ | 28,622.50 | 1.00% |
| JOHN ERIKSEN | PEGGY ERIKSEN JT TEN | $ | 8,326.05 | 0.29% |
| JOHN H RANSOM | TOD ACCOUNT | $ | 22,898.00 | 0.80% |
| JOSEPH P CANIGLIA | LORETTA M CANIGLIA TTEES | $ | 28,622.50 | 1.00% |
| JULIA M AMIES TTEE | JULIA M TRAVIS REV TR | $ | 11,449.00 | 0.40% |
| KEVIN A SAYLAN | MARCY B SAYLAN | $ | 11,449.00 | 0.40% |
| LARRY B HAGAN TTEE | LARRY B HAGAN REV TRUST | $ | 28,622.50 | 1.00% |
| LOUIS A RICH TTEE | THE LOUIS RICH FAMILY TRUST | $ | 34,347.00 | 1.19% |
| LOUIS A RICH TTEE TTEE | BEVERLY W RICH FAMILY TRUST | $ | 36,474.79 | 1.27% |
| LOUIS LIEBENTRITT | 8930 NORTH 83RD AVENUE | $ | 5,724.50 | 0.20% |
| LYNN D GRANT | BONNIE S GRANT JT TEN | $ | 34,347.00 | 1.19% |
| MARGARET JONES | 432 N 38TH ST | $ | 55,642.27 | 1.93% |
| MARILYN G TIERNAN | TOD ACCOUNT | $ | 28,622.50 | 1.00% |
| MARILYN K WENNINGHOFF TTEE | MARILYN K WENNINGHOFF REVOC TR | $ | 2,582.50 | 0.09% |
| MICHAEL D DEVEREAUX | TOD ACCOUNT | $ | 54,630.89 | 1.90% |
| MICHAEL L GRANT | TOD ACCOUNT | $ | 40,071.50 | 1.39% |
| MIKE VOMACKA | 9682 MAGNOLIA BLOSSOM DRIVE | $ | 17,173.50 | 0.60% |
| MILTON SAYLAN | ROSALIE SAYLAN TTEES | $ | 97,316.50 | 3.38% |
| PATRICIA FRENCH | JOHN B FRENCH JR JT TEN | $ | 2,640.02 | 0.09% |
| RICHARD A VOMACKA | VIRGINIA VOMACKA JT TEN | $ | 54,296.62 | 1.89% |

| | | | |
|---|---|---|---|
| RICHARD B PETERSON TTEE | RICHARD B PETERSON REV LIV T | $ 74,418.50 | 2.59% |
| RICHARD D CROTTY | 421 W BROADWAY STE 311 | $ 14,694.79 | 0.51% |
| RICHARD J SCARPELLO | 2309 SO 89TH COURT | $ 11,449.00 | 0.40% |
| ROBERT A REED SUCCESSOR TTEE | ROBERT A REED REV TRUST | $ 87,414.32 | 3.04% |
| ROBERT B WELLENDORF TTEE | ROBERT B WELLENDORF REV TST | $ 114,490.00 | 3.98% |
| ROBERT M MIERENDORF | JOANN M CRAWFORD TTEES | $ 47,735.79 | 1.66% |
| STEVE SAYLAN | JACKI SAYLAN JT TEN | $ 28,622.50 | 1.00% |
| WELLS FARGO BANK NE | CUST. FOR ROBERT BAKER TR | $ 91,592.00 | 3.18% |
| WILLIAM F MCVEY | JANET E MCVEY JT TEN | $ 34,376.06 | 1.20% |